# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI ST. JOSEPH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| vs. | Case No. 21-cr-06003-DGK |
| JULIANE L. COLBY, | |
| Defendant. | |

## DEFENDANT'S SENTENCING MEMORANDUM

After successfully participating in pre-trial release for nearly a year, Juliane Colby pled guilty to sending 3.25 grams of heroin into a state prison. Ms. Colby, who has never spent any time in custody, self-surrendered after her guilty plea on February 8, 2022, and has spent the last six months in the Bates County Jail. As a single mother who has never been away from her twelve-year-old daughter before, that time in custody is sufficient punishment for this offense. Now, the sentence should account for other sentencing factors by allowing her to move forward with the structure and assistance provided by conditions of supervised release.

1

**I.    Difficult early childhood experiences resulted in attachment disorder and depression that led to Ms. Colby's academic striving, while also setting a trajectory resulting in the present case.**

Juliane Colby was born and abandoned in South Korea in 1977. She lived in an orphanage for the first two years of her life. Although the details of this early period of her life are unknown to her, when she was adopted at 22 months old, she was malnourished to the point she wore a nine-month old's clothing. And she was inexplicably afraid of men.

When she arrived in America with her adoptive parents, she required several years of adjustment. She suffered panic attacks for fear that she would be given back to the Korean orphanage. Then, at age 11, her father died unexpectedly at age 38 from a cardiac arrest pulmonary embolism.

> a.    Ms. Colby desperately seeks approval from loved ones, always feeling as if she is not good enough to receive it.

Facing these difficulties in her early life, Ms. Colby has sought counseling since high school. That treatment has revealed diagnoses of separation and attachment disorder. She also has a history of depression and anxiety. She has received prescriptions for these conditions and continues to believe that therapy is an important part of her life.

Despite – or, rather, because of – her early childhood experiences and their effects, Ms. Colby has an impressive history of academic achievement. She has a high school diploma, an associate's degree, a bachelor's degree with a double major, a

2

Master of Social Work degree, a law degree, and a master's in business administration degree.

Ms. Colby has certainly strived and succeeded academically, which might tend to suggest she be held to higher standard of conduct than others. But her success in the academic realm is symptomatic of her deeper struggles relating back to her life experiences. In other words, her academic success papers-over her struggles in the non-academic world. At age 44, she has attended school for most of her life and held few long-term jobs. She has twice declared bankruptcy. Having never married, she is a single-mother of a twelve-year-old daughter.

Also, Ms. Colby has never been convicted of a felony offense. But she has twice been subject to diversion agreements that she has successfully completed. Most recently, she entered into and completed a diversion agreement in 2018 through 2019 related to her communicating with a county jail inmate via cell phone while working as part of his defense team.

That situation is arguably relevant to her present circumstances because this case involves her sending 3.25 grams of heroin into a state prison in an effort to convey it to the same inmate, with whom she has had a years-long relationship, as that prior diversionary case. And that is why consideration of her life experience – particularly, Ms. Colby's history of attachment disorder and depression – is pivotal to assessing the sentencing factors here.

> b.    Ms. Colby's striving for relationship attachments and approval contextualizes this offense.

Ms. Colby is not a drug dealer or even a drug user. She is not a person estranged from her family living a life on the streets from place to place. Instead, she is a person with difficult life experiences resulting in documented attachment disorder who was enlisted into a scheme to send a small amount of heroin into a prison in a misguided attempt to help a loved-one. Her willingness to do so may be symptomatic of persistent attachment disorder stemming from her youth and manifesting now as inappropriately seeking to maintain a relationship despite the consequences.

In sum, the connection between Ms. Colby's personal history and this offense should be an important aspect of the Court's assessment of the sentencing factors.

## II.    Being separated from her daughter because of her actions is the most significant punishment Ms. Colby could receive.

Analysis of the sentencing factors should also take account of Ms. Colby's practical situation. Again, she had no issues during a nearly year-long period of pre-trial release. She has no prior felony convictions. And before she self-surrendered after her guilty plea in this case, she never before spent any time in custody. These facts indicate additional custody time is unnecessary to afford adequate deterrence and protect the public from future crimes by Ms. Colby.

Those sentencing factors are also addressed by the impact that being in custody has had on Ms. Colby as a single mother. She has also never before been away from

her twelve-year-old daughter. In her letter to the Court, Ms. Colby's sister describes

her as a mother:

> Julie is a loving and devoted mother. As a single mother, trying to raise her daughter with no or very little child support, she has always made sure there was a roof over their heads and food on the table. Julie has always maintained employment to ensure that her daughter has the tools she needs to succeed. Every birthday and holiday never passes without celebration and love.

Her love for her daughter has made the six months she has spent in the Bates County

Jail tortuous for Ms. Colby. That is because she recognizes that, in her poor decision-

making, she chose another over her daughter. While the new experience of being in

custody has been difficult for Ms. Colby, her mental self-punishment has proven to be

the worst consequence of her actions. Her internalization and ownership of the

consequences of her actions and the impact on others promotes specific deterrence in

a way that renders further incarceration unnecessary.



Since her time in custody has already furthered the goal of deterrence and

represents just punishment considering the seriousness of the offense in light of her

personal history and characteristics, the sentence should reflect the need to help Ms.

Colby to move forward and to make better decisions in the future, decisions that are

in line with her prioritizing her daughter, as she certainly wishes to do. The sentence,

then, should provide for continued counseling as a necessary treatment to assist Ms.

Colby to live with her early childhood experiences.

**III.** **A sentence of time-served and supervised release is the appropriate sentence considering the statutory sentencing factors because it would allow Ms. Colby to move forward with her life after having spent several months in county jail.**

The guideline range here is either 10 to 16 months or 12 to 18 months,

depending on how the Court resolves Ms. Colby's objection to the PSR. That

objection will be addressed more at the sentencing hearing. However the Court

resolves that issue, though, consideration of the statutory sentencing factors as

discussed above suggests the reasonableness of a sentence of time-served with

supervised release.

Respectfully submitted,

 /s/ Marc Ermine
MARC ERMINE
Assistant Federal Public Defender
1000 Walnut, Suite 600
Kansas City, Missouri 64106
(816) 471-8282

6

## CERTIFICATE OF SERVICE

It is hereby CERTIFIED that the foregoing was electronically filed and delivered to all parties of record pursuant to ECF on July 26, 2022.

 /s/ Marc Ermine
MARC ERMINE